UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| GREGORY SCOTT DAILY, | ) | |
|---|---|---|
| | ) | |
| *Appellant/Debtor.* | ) | |
| | ) | Case No. 3:10-00160 |
| v. | ) | |
| | ) | Judge William J. Haynes, Jr. |
| AUERBACH ACQUISITION ASSOCIATES, INC., | ) ) | |
| | ) | |
| *Appellee/Claimant.* | ) | |

## MOTION OF GREGORY SCOTT DAILY TO INTERVENE, FILE REPLY BRIEF, AND PARTICIPATE IN ORAL ARGUMENT

Gregory Scott Daily respectfully requests to intervene as an appellant in this appeal from the Bankruptcy Court. Daily should be allowed to file a reply brief and participate in oral argument. In support of this motion, Daily states as follows:

1. Daily is the Debtor in the underlying Chapter 11 bankruptcy case. This bankruptcy appeal challenges the enforceability of Auerbach's $350,000,000 claim against Daily's bankruptcy estate. Daily initiated this appeal as debtor in possession of the bankruptcy estate. After the appellant's and appellee's briefs were filed in this Court, however, the Bankruptcy Court appointed a Chapter 11

1

Trustee to represent the bankruptcy estate. By operation of law, the Trustee represents the bankruptcy estate in this appeal. *See* Fed. R. Bankr. P. 2012(a).

2. Nonetheless, the Trustee has recognized that Daily "could have independent standing to remain involved" in the appeal. *See* Trustee's Motion for Extension of Time [Doc. 19] ¶3. In fact, Daily has the right to intervene in this appeal for two reasons: (1) the Bankruptcy Code provides Daily the right to be heard on the enforceability of Auerbach's claim and (2) Daily has a substantial financial interest in the resolution of this appeal that is not represented by either of the current parties.

3. First, Daily has the right to intervene because the Bankruptcy Code provides Daily, as the Debtor, the unconditional right to be heard on the enforceability of Auerbach's claim, which is the question at issue in this appeal. "A party in interest, ***including the debtor***, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, ***may raise and may appear and be heard on any issue in a case under this chapter***." 11 U.S.C. § 1109(b) (emphasis added). To the extent this issue is governed by the Federal Rules of Civil Procedure,[1] Rule 24(a) recognizes

---

[1] The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts," Fed. R. Civ. P. 1, and "apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure." Fed. R. Civ. P. 81(a)(2). The Bankruptcy Rules provide that "Rule 24 F. R. Civ. P. applies in adversary

2

that "[o]n timely motion, the court *must* permit anyone to intervene who is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a) (emphasis added).

4. Second, regardless of Daily's statutory right to be heard under the Bankruptcy Code, Daily's motion to intervene should be granted because Daily has a financial interest in the order on appeal that is not adequately represented by a current party. A party in a bankruptcy case may "appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights." *In re Troutman Enterprises, Inc.*, 286 F.3d 359, 364 (6th Cir. 2002) (discussing intervention for the purpose on appealing order). And Rule 2018 of the Federal Rules of Bankruptcy Procedure confirms that "the court may permit any interested entity to intervene generally or with respect to any specified matter." Likewise, the Rules of Civil Procedure provide that "anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the

---

proceedings," Fed. R. Bankr. P. 7024, and that "[a] bankruptcy appellate panel or district judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the circuit council or district court," Fed. R. Bankr. P. 8018(b). Accordingly, this motion is likely governed by Rule 24 of the Federal Rules of Civil Procedure. But, as explained in the body of the motion, the motion should be granted regardless of the rules that are applied.

3

applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties." Fed. R. Civ. P. 24(a).

5. Daily has a substantial pecuniary interest in the order on appeal. It is undisputed that Daily's solvency and the successful reorganization of his assets turn in large part on the enforceability of Auerbach's $350,000,000 claim, which is the only question at issue in this appeal. If Auerbach's claim is unenforceable, then Daily is likely solvent; if not, then he is likely insolvent. Thus, the enforceability of Auerbach's claim directly affects Daily's rights.

6. Moreover, Daily's financial interest in defeating Auerbach's claim is not adequately represented by either party to the appeal. The Trustee is neither "the successor-in-interest to the Debtor" nor "in privity" with the Debtor. *In re Fordu*, 201 F.3d 693, 705 (6th Cir. 1999) (no privity between trustee and Debtor). Auerbach's interest, of course, is directly opposed to Daily's interest. Accordingly, regardless of Daily's statutory right to be heard in this appeal, his motion to intervene should still be granted.

7. Because Daily has a right to intervene and be heard, the Court should allow Daily to file a reply brief and participate in oral argument. The Court has stayed this appeal to allow the Trustee time to prepare a reply brief on behalf of the estate and to otherwise familiarize himself with the case. The Trustee's reply brief

4

is currently due on or before July 3, 2010, and Daily respectfully requests that his reply brief be due on the same day as the Trustee's.

For the foregoing reasons, Daily respectfully requests (1) that he be allowed to intervene in this appeal, (2) that he be granted leave to file a reply brief within the time granted to the Trustee, and (3) that he be granted leave to participate in oral argument.

Respectfully submitted,

*s/ William L. Norton, III*
William L. Norton, III
Attorney for Appellant

OF COUNSEL:

William L. Norton, III (TN # 10075)
Bradley Arant Boult Cummings LLP
Roundabout Plaza
1600 Division Street, Suite 700
P O Box 340025
Nashville , TN, 37203-0025
(615) 244-2582
bnorton@babc.com

Andrew L. Brasher (pro hac vice)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North

Birmingham, Alabama 35203
(205) 521-8339
abrasher@babc.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Griffin Scott Dunham
>C. Daniel Lins
>Robert J. Mendes
>MGLAW, PLLC
>Suite 1475
>2525 West End Avenue
>Nashville, TN 37203
>
>Randal S. Mashburn
>Courtney H. Gilmer
>BAKER, DONELSON, BEARMAN,
>CALDWELL & BERKOWITZ, P.C.
>Baker Donelson Center
>211 Commerce Street, Suite 800
>Nashville, Tennessee 37201
>rmashburn@bakerdonelson.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>None

*s/ William L. Norton III*
William L. Norton III
TN Bar No. 10075

6