UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREGORY SCOTT DAILY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | Case No. 3:10-00160 |
| v. | ) | |
| | ) | Judge William J. Haynes, Jr. |
| AUERBACH ACQUISITION | ) | |
| ASSOCIATES, INC., | ) | |
| | ) | |
| Appellee. | ) | |

## STIPULATION AND AGREED ORDER REGARDING ROLE OF COUNSEL FOR DEBTOR

It appearing to the Court, as evidenced by the signatures of counsel below, that the Court

currently has pending before it an appeal from the United States Bankruptcy Court relating to the

allowance of a claim asserted by Auerbach Acquisition Associates, Inc. ("Auerbach") against the

Debtor, Greg Daily ("Daily); and it further appearing that, during the pendency of the appeal,

Randal S. Mashburn was appointed as Chapter 11 Trustee in the case ("Trustee") which gives

him the right to represent the interests of the bankruptcy estate; and it appearing that Daily

sought and was granted permission to intervene in the appeal to assert the rights of Daily

independent of the Trustee; and it appearing that Daily, Auerbach and the Trustee have agreed

that it is in the best interests of judicial economy and efficiency for the bankruptcy estate to

allow the appeal to proceed with the briefing and argument handled as a two-party matter

involving Daily and Auerbach rather than adding the expense and complications of the Trustee

playing a separate role; it is therefore stipulated by the parties and Ordered by the Court as follows:

1.      Within the time frame provided by prior order, Daily's counsel shall be allowed to file a reply brief that addresses any pertinent issues relevant to either Daily or the bankruptcy estate, and the Trustee shall not be required to file a brief on behalf of the bankruptcy estate.

2.      Auerbach will not raise any issue as to the standing of Daily to participate in the appeal and expressly stipulates that it does not oppose having Daily file a brief that addresses matters relevant to either the bankruptcy estate or Daily.

3.      To the extent that oral argument is allowed in this matter, Daily shall likewise be allowed to participate to the same extent as reflected above, and the Trustee shall not be required separately to appear on behalf of the bankruptcy estate.

     IT IS SO ORDERED.

                                                _____
                                                United States District Judge

N RSM 775813 v2
2915938-000001 06/07/2010